UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**ORLANDO DELEON,**

    **Plaintiff,**

**V.**                                                 **Case No:  2:12-CV-92-FtM-29SPC**

**NATIONAL PAINTING &**
**WATERPROOFING, INC. and**
**JAMES M. SPADORCIA**

    **Defendants.**

_____/

## ORDER

      This matter comes before the Court on the Plaintiff, Orlando Deleon's Motion to Strike Answer (Doc. #8) filed on April 10, 2012.  Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170 (M.D. Fla. June 17, 2005).  In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002).  A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Harvey, 2005 WL 1421170 (citing Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997).

On February 22, 2012, the Plaintiff filed a Complaint with this Court alleging the Plaintiff was not compensated for overtime hours worked pursuant to the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.* On March 30, 2012, the Defendants filed a "Letter Answer" to the Plaintiff's Complaint. The "Letter Answer" states that the Plaintiff was compensated for all of the hours he worked. The "Letter Answer" is signed by the Defendant James M. Spadorcia, President.

Initially, the Court notes that one of the Defendants is a corporation. Under Local Rule 2,03(e), a corporation may appear and be heard only through counsel admitted to the Court pursuant to Local Rule 2.01 or 2.02. The rule is well established that a corporation is an artificial entity that can only be represented through its agents. Palazzo v. Gulf Oil Corp., 764 F.2d 1382, 1385 (11th Cir. 1985). It cannot appear in judicial proceedings *pro se* but must instead be represented by licensed counsel. Id. The general rule that corporations must be represented by an attorney in judicial actions applies even where the person seeking to represent the corporation is its president and/or major stock holder. Id. Thus, the answer filed by the Defendant Corporation, National Painting and Waterproofing, Inc., is due to be stricken. The Defendant Corporation must obtain counsel to represent it before this Court or face the possibility of having a default entered against it for failure to answer the Complaint. *See* Fed. R. Civ. P. 55(a)and(b).

The Plaintiff further argues that the Response/ Answer was not filed in compliance with the Federal Rules because it did not admit and deny each claim or list number each defense. Under the Federal Rules, an Answer to a Complaint must admit or deny all of the allegations or fairly respond to the substance of each allegation. Fed. R. Civ. P. 8(b). However, contrary to the

Plaintiff's position, a Party that "intends to in good faith to deny all of the allegations in a pleading may do so by a general denial." Fed. R. Civ. P. 8(b)(3).  Thus, the general denial issued by the Defendant James M. Spadorcia on his own behalf will be accepted as an answer and denial of the allegations.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Orlando Deleon's Motion to Strike Answer (Doc. #8) is **GRANTED in part and DENIED in part**.

(1) The "Letter Answer" filed by the Defendant National Painting and Waterproofing, Inc. is hereby **STRICKEN**.

(2) The Defendant National Painting and Waterproofing, Inc. has up to and including **Wednesday May 2, 2012**, to obtain counsel to represent it before the Court and to file an Answer or otherwise respond to the Complaint in compliance with the Federal and Local Rules.

(3) The Plaintiff, Orlando Deleon's Motion to Strike the Answer filed by the Defendant James M. Spadorcia is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th Day of April, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record