UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ORLANDO DELEON,

    **Plaintiff,**

V.                                               Case No:  2:12-CV-92-FtM-29SPC

NATIONAL PAINTING &
WATERPROOFING, INC. and
JAMES M. SPADORCIA

    **Defendants.**

_____/

## ORDER

This matter comes before the Court on the Plaintiff, Orlando Deleon's Motion for Clerk's Default against Defendant National Painting & Waterproofing (Doc. #11) filed on May 22, 2012. Pursuant to Rule 4(h) of the Fed. R. Civ. P., "[u]nless federal law provides otherwise, . . . a domestic or foreign corporation . . . must be served: (1) in a judicial district of the United States . . . (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent." Furthermore, the Florida Rules of Civil Procedure allow "any officer or business agent residing in the state" to be served on behalf of "any private corporation, domestic or foreign." Fla. Stat. §48.081(1)(d). The Plaintiff filed an affidavit with the court affirming a copy of the summons and of the complaint was served to Raymond L. Bass, Jr, the registered agent of the Defendant. (Pl. Exh. A, Doc. #11-1). Therefore, because the Defendant was served by delivery of a copy of the summons and of the complaint with its registered agent, service on the

1

Defendant was proper. *See* Beck v. 4M Towing, LLC, 2:10-CV-51-FTM-29SPC, 2010 WL 1708219 (M.D. Fla. Apr. 26, 2010) ("Having served an authorized agent, service is deemed effective upon the corporation under the Federal Rules and Florida law.").

Now that it has been determined that service was proper, the Court must evaluate the Federal Rules of Civil Procedure regarding a defendant who fails to answer a plaintiff's complaint. Rule 55(a) of the Fed. R. Civ. P. states, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to . . . defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." On April 12, 2012, the Court granted a Motion to Strike the Defendant, National Painting & Waterproofing's "letter answer" (Doc. #9). In the Order granting the Motion to Strike the Defendant's "letter answer," the Court made clear that a corporation cannot appear *pro se*, but must instead be represented by licensed counsel. *See* Palazzo v. Gulf Oil Corp., 764 F.2d 1382, 1385 (11th Cir. 1985) (asserting that a corporation cannot appear in judicial proceedings *pro se*).

Furthermore, the Order provided the Defendant with notice that it had until May 2, 2012, to obtain counsel to represent it before the Court and to file an Answer or otherwise respond to the Complaint in compliance with the Federal and Local Rules. There has been no indication by the Defendant that it has retained licensed counsel to represent it in these Judicial Proceedings. In addition, the date of May 2, 2012, has come and passed with no Answer or any kind of response by the Defendant to the Plaintiff's Complaint. Therefore, because the Defendant has not provided an Answer or response to the Plaintiff's Complaint and has not retained licensed counsel for these judicial proceedings, under Rule 55(a) of the Fed. R. Civ. P., the Court grants

the Plaintiff's Motion for Clerk's Default against the Defendant, National Painting & Waterproofing. *See* <u>Taylor v. Frank Stewart Trucking, Inc.</u>, 08-14009-CIV, 2008 WL 4753355 (S.D. Fla. Oct. 27, 2008) (granting a clerk's default on the basis of a defendant corporation failing to answer the complaint or retain counsel for the judicial proceedings).

Accordingly, it is now

**ORDERED:**

The Plaintiff, Orlando Deleon's Motion for Clerk's Default Against Defendant National Painting & Waterproofing (Doc. #11) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 31st Day of May, 2012.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record