UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ORLANDO DELEON,

            Plaintiff,

v.                                    Case No:   2:12-cv-92-FtM-29CM

NATIONAL PAINTING &
WATERPROOFING, INC. and
JAMES M. SPADORCIA,

            Defendants.

_____

## ORDER

    This matter comes before the Court upon review of Plaintiff's Motion for Clerk's Default Against Defendants (Doc. 37), filed on February 12, 2014.   Plaintiff Orlando DeLeon moves, pursuant to Rule 55(a), Federal Rules of Civil Procedure, for entry of Clerk's default against Defendants National Painting & Waterproofing, Inc. and James M. Spadorcia for failure to respond to Plaintiff's First Amended Complaint (Doc. 27).

    In this case, Plaintiff filed a Complaint against Defendant National Painting & Waterproofing, Inc., a Florida corporation, and Defendant James M. Spadorcia, as owner/operator of National Painting & Waterproofing, Inc., pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, unpaid minimum wage compensation, liquidated damages, and attorneys' fees and costs.   Doc. 1 at 1.   Plaintiff filed an Amended Complaint on October 1, 2012 (Doc. 27), and Plaintiff's Proof of Service reflects that

service as to both Defendant James M. Spadorcia and Defendant National Paint & Waterproofing, Inc. was effectuated on November 16, 2012.   Doc. 33.   No further action was taken by Plaintiff for more than one year until the Court, on February 12, 2014, issued an Order to Show Cause why the case should not be dismissed for failure to prosecute.   Doc. 36.   Plaintiff filed the instant motion the same day.[1]

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Fed. R. Civ. P. 55(a).   Prior to directing the Clerk to enter a default, the Court must first determine whether the Plaintiff properly effectuated service of process.   *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, *1 (M.D.Fla. June 24, 2009).

The Florida Rules of Civil Procedure provide that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made."   Fla. R. Civ. P. 1.070.   Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation.   A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director.   Fla. Stat. § 48.081(1)(a)-(d).

---

[1] Plaintiff's counsel also filed a separate response advising the Court that his failure to act was due to "inadvertence," Doc. 38 at 2, which prompted the Court to enter an Order stating it would "provide Plaintiff the opportunity to prosecute the case and take no further action on the Order to Show Cause" but it "would anticipate that a timely motion for default judgment will be filed within 60 days of obtaining the Clerk's default."   Doc. 39 at 1.

In support of his motion for Clerk's default, Plaintiff provides proof that both Defendant James M. Spadorcia and Defendant National Paint & Waterproofing, Inc. were served on November 16, 2012.  Docs. 37-1, 37-2.  An affidavit by Plaintiff's process server states that James Spadorcia was served both personally, as a named defendant, and in his capacity as an officer/director of Defendant National Painting & Waterproofing, Inc., with the Summons and First Amended Complaint by hand delivery on November 16, 2012, with service effected at 98 Satuit Trail, Scituate, MA 02066.  Docs. 37-1, 37-2.  Service as to both Defendants was therefore proper.  To date, neither Defendant James M. Spadorcia nor Defendant National Painting & Waterproofing has filed a responsive pleading, and entry of Clerk's default is appropriate in this case.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Plaintiff's Motion for Clerk's Default Against Defendants (Doc. 37) is **GRANTED**.

2.     The Clerk is directed to enter Clerk's default against Defendant National Painting & Waterproofing, Inc. and Defendant James M. Spadorcia.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of March, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record